## WORTHEN v STATE

Ohio Appeals, 4th Dist, Scioto Co

Decided July 22, 1931

Blair & Ball, Portsmouth, for Worthen.
Cameron Meacham, Portsmouth, for State.

26

**BLOSSER, J.**

On Thanksgiving evening the coroner, doctor and undertaker made certain tests or experiments with the body of the deceased. The doctor was asked· with regard to the bullet wound of Maude Worthen and whether or not the wound could have occurred "in the manner and way that the defendant told you, and about which you have testified here." Counsel then stated in the record what he expected the evidence to be and tendered. certain evidence with reference to the test or experiment with body of Maude Worthen.  This evidence was excluded by the court and the defendant urges that it is error.  The trial court excluded the evidence on the ground that the questions called for conclusions from the witness, and that those conclusions were for the jury to determine.  The reasons for its exclusion, however, go further than that.  The result of experiments and tests where the proper foundation has been laid, and the circumstances and conditions are similar, are proper to go to the jury.  But in this case the proper foundation had not been laid.  It does not appear in the evidence that the defendant had told Doctor Thurman just how the killing was done. In fact he stated that he did not know how it was done.  He did not know the position of the deceased at the time of the shooting.  He did not know if the deceased held the pistol in her right or left hand. He did not know and could not explain why the bullet hole was in the left lapel of his coat.  His explanation of the transaction was too meager and vague upon which tests or experiments could be made to be of any value.  The conditions under which the tests were conducted were entirely dissimilar from the actual killing.  The defendant and his wife were in the front seat of the automobile and necessarily in a cramped position.  The test was not made in a similar position.  The test was made with the dead body of the deceased, while she was in full life when the shot was fired.  As the experiments were evidently based on speculation or conjecture instead of on facts proven by the evidence, the trial court committed no error in excluding the evidence of the tests or experiments.

After an examination of the record we find no error prejudicial to the rights of the defendant and the judgment is affirmed. MAUCK, PJ, and MIDDLETON, J, concur.

Morton, Irvine, Blanchard & TouVelle, C. M. Addison and David Evans, Columbus, for Gahanna Bank Co. et.

N. W. Dick and E. M. Balbridge, Columbus, for Miesse, Admr.

